IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LFG NATIONAL CAPITAL, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSEPH M. ALIOTO, an individual, and THE ALIOTO LAW FIRM, a sole proprietorship,<br><br>　　　　Defendants.<br>_____ / | No. 13-cv-1930<br><br>**ORDER GRANTING ALIOTO'S MOTION TO DISMISS LFG'S COMPLAINT FOR LACK OF FEDERAL JURISDICTION** |

Currently before the Court is a motion by defendants Joseph M. Alioto and the Alioto Law Firm ("Alioto") to dismiss the complaint filed by LFG National Capital LLC ("LFG"). Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for June 28, 2013. Having considered the moving papers and the arguments of the parties, and for good cause appearing, the Court hereby GRANTS Alioto's motion, based on lack of federal jurisdiction. Docket Nos. 11 and 18.

**BACKGROUND**

On March 22, 2013, LFG filed a motion in *In re TFT-LCD Antitrust Litigation,* Case No. 3:07-md-01827-SI. The motion, titled "Non-Party Creditor LFG National Capital LLC's Motion to Direct Fees and Costs," sought an order from this Court directing that LFG be paid approximately $28.2 million out of attorney Joseph Alioto's projected fee award from Indirect Purchaser Plaintiff ("IPP") Settlements in this MDL litigation. LFG's motion asserted that it was entitled to such payment because that amount was "presently due and owing under the Term Loan and Security Agreement between LFG and The Alioto Law Firm." Alioto opposed the motion, denying that he owed the sum of $28 million

or anywhere near that sum.

On April 3, 2013, this Court issued its order approving the IPP Settlement and awarding attorneys' fees and costs to various litigation counsel. *See* 07-cv-1827, Docket No. 7697. The April 3 Order expressly acknowledged that LFG claimed a lien interest, set aside $28.2 million of Alioto's fee award in a separate escrow account pending a determination of the validity and enforceability of LFG's claim, and notified parties that the Court would address this lien in a separate order.

On April 25, 2013, the Court dismissed LFG's "Non-Party Creditor" motion as premature, concluding that the Court was not in a position to adjudicate the dispute as it had been presented to the Court. The Court noted that Alioto and LFG are not parties to the underlying IPP litigation, and LFG's claims do not relate to the underlying action. The Court ordered that it would either proceed in accordance with Rule 69 if LFG were to "reduce its alleged lien to judgment in some appropriate judicial forum," or would entertain a motion to intervene by LFG.

On April 26, 2013, LFG filed a complaint in this Court alleging breach of contract and breach of guarantees arising out of Alioto's alleged default of the Loan Agreement. Alioto filed this motion to dismiss the complaint for lack of federal jurisdiction and failure to state a claim, under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**LEGAL STANDARD**

**1.     12(b)(1)**

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may either "attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. General Tel. and Elec.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4. (1947)). Where the jurisdictional issue is separable from the merits of the case, the court need only consider evidence related to the jurisdictional issue, and rule on that issue, resolving factual disputes as necessary. *Id.* (citing *Berardinelli v. Castle & Cooke, Inc.*, 587 F.2d 37 (9th Cir. 1978)).

In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts

will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**2.     12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court chooses to dismiss the complaint, it must then decide whether to grant leave to amend. In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458 , 460 (9th Cir. 1980) (per curiam)); see *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (futility is basis for denying amendment under Rule 15).

3

**DISCUSSION**

**1.   12(b)(1) Dismissal for Lack of Subject Matter Jurisdiction**

The parties dispute whether this Court has subject matter jurisdiction over this case.[1] Alioto argues that the Court lacks subject matter jurisdiction to hear this dispute because LFG cannot assert any basis for original federal jurisdiction, and supplemental jurisdiction is lacking because LFG's claim is unrelated to the underlying TFT-LCD action. LFG asserts that its complaint presents a federal question because "resolution of this dispute will require the interpretation and application of" the Court's order approving settlement, awarding attorneys' fees, and setting aside $28.2 million of Alioto's award fee. LFG also claims supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for questions going beyond the Court's order. Complaint at ¶ 5.

The Supreme Court has directed that "[i]t is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "For a case to 'arise under' federal law pursuant to [28 U.S.C.] § 1331, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004)(citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). Supplemental jurisdiction under § 1367 vests jurisdiction in district courts having original jurisdiction of an action "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a).

This Court concludes that it lacks both federal question jurisdiction and supplemental jurisdiction to hear this dispute, and thus that there is no subject matter jurisdiction over this matter. Although the

---

[1] LFG notes that in the Loan Agreement and Guaranty, Alioto waived any and all challenges to jurisdiction in a suit brought by LFG. Subject matter jurisdiction, however, cannot be waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) ("All courts have an 'independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'"); *see also Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012).

1 Court retains jurisdiction over the settlement fund from which LFG seeks payment, this jurisdiction does
2 not extend to the contract dispute between LFG and Alioto.[2]

3 Contrary to LFG's assertion, resolution of its complaint does not require the interpretation or
4 application of the Court's April 3 Order. The April 3 Order approving the IPP Settlement and awarding
5 attorneys' fees expressly acknowledged LFG's claimed lien interest, set aside $28.2 million of Alioto's
6 fee award in a separate escrow account pending a determination of the validity and enforceability of the
7 alleged lien, and notified parties that the Court would address this lien in a separate order. *See* 07-cv-
8 1827, Docket No. 7697 at ¶ 17(A)(3). No modification of the April 3 Order is sought or necessary.

9 This fact alone distinguishes this case from the minute-order ruling relied upon by LFG, *LFG*
10 *Nat'l Capital LLC v. Gary, Williams, Finney, Lewis, Watson, & Sperando P.L.*, No. 11-cv-09988-PSG-
11 PJW, Minute Order (Docket No. 111), at 5 (C.D. Cal. Mar. 9, 2012). In the *Gary, Williams* situation,
12 a class action had been litigated and settled in the Northern District of New York, and that court had
13 issued its order ("the April 25 Order") approving settlement and awarding attorneys's fees. Thereafter,
14 LFG filed suit in the Central District of California against one of the law firms which had been awarded
15 fees in the New York class action. LFG later sought to transfer the California action to the Northern
16 District of New York, arguing that LFG would need to seek modification of the New York court's April
17 25 Order. In a minute order, the California judge agreed, finding that the New York court would have
18 jurisdiction on that basis ("A federal court has subject matter jurisdiction over cases that concern the
19 modification of an order from that court."). Resolving this dispute between LFG and Alioto will not
20 require the modification of this Court's April 3 Order, nor will it require interpretation or application
21 of that Order.

22 Moreover, this Court is not persuaded that the cases relied upon in the Central District's minute
23 order are on point in this matter. One of those cases, *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773,
24 777-78 (9th Cir. 1994), arose from the Exxon Valdez oil spill in waters off the coast of Alaska. Claims

---

[2] In the Court's April 3 Order approving the IPP Settlement, the Court specifically retained "continuing and exclusive jurisdiction over . . . matters relating to the plan of allocation of settlement proceeds[,]" among other things. The "plan of allocation" applied to apportionment of attorneys fees and costs among the various law firms involved in the TFT-LCD litigation, and the Court's continuing jurisdiction covers the attorneys involved in the litigation. This continuing jurisdiction does not extend to separate contract disputes between non-parties and attorneys in this action.

5

filed in state court by four environmental groups sought recovery for the same natural resource damages which had already been awarded and disposed of in a federal-court consent decree. Removal to federal court was held proper, since plaintiffs' action would require major modifications of the federal consent decree if plaintiffs' allegations concerning fraud and conflicts of interest by the settling parties were substantiated. This is a far cry from LFG's assertion that its claim raises a federal question by virtue of its attempt to secure funds set aside by the Court in its April 3 Order.

Another case relied on, *Valerio v.Boise Cascade Corp.*, 645 F.2d 699, 700 (9th Cir. 1981), also dealt with a substantially different question than is presented here. In *Valerio*, the moving parties were class members in the underlying litigation who brought claims against the class attorneys, based on the attorneys' conduct in the underlying litigation. There the attorneys, the parties, and the alleged malfeasance all happened in the underlying federal case; as such, not surprisingly, ancillary jurisdiction was appropriate. Later, in *Federal Sav. and Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir.2004)(9th Cir.2004) (citations omitted), the Ninth Circuit found that "'[d]etermining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction.'" *Id.* at 1041 (quoting *Jenkins v. Weinshienk*, 670 F.2d 915, 919 (10th Cir.1982)). However, where the claim is "unrelated to the underlying action . . . [,]" ancillary jurisdiction is not proper. *Id.* at 1041–42 (citing *Jenkins*, 670 F.2d at 919 ("the federal court has no jurisdiction to adjudicate the amount of fees properly owing between [attorney and client] with respect to matters unrelated to litigation before the court.")). In *Jenkins*, the Court outlined four issues to consider in determining whether ancillary jurisdiction is proper: (1) an ancillary matter should arise from the transaction that was the basis of the principal proceeding, during the course of the principal proceeding, or as an integral part of the main proceeding; (2) the federal court should be able to determine the matter without a substantial new factfinding proceeding; (3) failing to determine the matter should not deprive a party of an important procedural or substantive right; or (4) the matter should be decided in order to protect the integrity of the principal proceeding or insure that its disposition is not frustrated.

LFG's breach of contract lawsuit is entirely unrelated to the substance of the underlying antitrust litigation. *See Peacock v. Thomas,* 516 U.S. 349, 356 (1996) ("The claims in these cases have little or

1  no factual or logical interdependence, and, under these circumstances, no greater efficiencies would be
2  created by the exercise of federal jurisdiction over them.") (citing *Kokkonen v. Guardian Life Ins.*, 511
3  U.S. 375, 380 (1994)).  Moreover, the considerations outlined in those cases and in *Jenkins* are simply
4  not present in this dispute. For the reasons, the Court concludes that it does not have supplemental
5  jurisdiction to hear LFG's complaint.[3]

6  Because the Court lacks subject matter jurisdiction over this dispute, the complaint must be
7  dismissed. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Accordingly, the
8  Court GRANTS Alioto's motion to dismiss LFG's Complaint pursuant to Rule 12(b)(1).[4]

### 2. Alioto's Claim of a Bad Faith Filing

The Court rejects Alioto's assertions that LFG filed its complaint in bad faith.  Alioto's assertions mischaracterize this Court's prior orders, speculate as to disputed facts, and assert legal conclusions as the basis for LFG's bad faith intent. Accordingly, the Court DENIES Alioto's request to dismiss the Complaint with prejudice for bad faith or to award sanctions.

### 3. Alioto's Request for Attorneys' Fees

In addition to seeking dismissal of the complaint, Alioto also seeks attorneys' fees in the amount of $31,250, contending that he is the prevailing party in the matter.  Cal. Civ. Cod § 1717.

However, the Court has merely determined that it lacks jurisdiction to resolve this dispute.  As such, neither side has yet become a prevailing party. *See Idea Place Corp. v. Fried,* 390 F.Supp.2d 903, 905 (N.D.Cal.2005) ("[T]his Court's dismissal for lack of subject matter jurisdiction in federal court did not foreclose the possibility that Plaintiff could pursue its contract claims in state court. Thus, it remains to be seen which entity is the 'prevailing party' on Plaintiff's contract action."). Accordingly, the Court

---

[3] The Court also finds that, because substantial new fact-finding unrelated to the ongoing antitrust litigation will be required to resolve this dispute, the Court would in its discretion decline to exercise supplemental jurisdiction over this dispute, even should it theoretically be proper to do so. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997); 28 U.S.C. § 1367(c).

[4] Because the complaint is dismissed pursuant to Rule 12(b)(1), the Court declines to address arguments regarding dismissal under Rule 12(b)(6).

7

declines to award attorneys' fees to Alioto.

**IT IS SO ORDERED.**

Dated: June 27, 2013

SUSAN ILLSTON
United States District Judge